PT:gtm                                8n-239              Atty No: 29365

### IN THE CIRCUIT COURT COOK COUNTY OF ILLINOIS,
### COUNTY DEPARTMENT, LAW DIVISION

STEPHANIE BATZKALL, Special            )
Administrator of the Estate of ALEX    )
GARCIA, Deceased,                      )
                                       )
    Plaintiff,                        )      NO:
                                       )
    v.                                )
                                       )      *JURY DEMAND*
ACCESS COMMUNITY HEALTH                )
NETWORK, d/b/a FAMILY HEALTH           )
SOCIETY, an Illinois corporation, by   )
and through its authorized agents and  )
employees,                             )
                                       )
    Defendant.                        )

### *COMPLAINT AT LAW*

Plaintiff, STEPHANIE BATZKALL, Special Administrator of the Estate of ALEX

GARCIA, Deceased, by and through her attorneys, COGAN & MCNABOLA, P.C., complaining

of Defendant, ACCESS COMMUNITY HEALTH NETWORK, d/b/a FAMILY HEALTH

SOCIETY, an Illinois corporation (hereinafter, "ACCESS") by and through its authorized agents

and employees, and states as follows:

    1.    On and prior to April 18, 2008, and at all times mentioned herein, Defendant,

ACCESS, was a duly licensed health corporation providing obstetrical services to patients in the

clinic facility, in the city of Chicago Heights, county of Cook, by and through its physician and

nursing agents, apparent agents, and employees.

    2.    On and prior to April 18, 2008, and at all times mentioned herein, Defendant,

ACCESS, employed duly licensed physicians and nurses, specializing in the practice of





providing prenatal care to patients who came to the clinic in Chicago Heights.

3.    On November 7, 2008, STEPHANIE BATZKALL presented to ACCESS for prenatal care at approximately 6 weeks gestation with an EDC of 7/5/08.

4.    On the clinic visit of February 15, 2008, the urine dipstick of STEPHANIE BATZKALL was positive at 250mg.

5.    On the clinic visit of February 25, 2008, the urine dipstick of STEPHANIE BATZKALL was positive for glucose at 1000 mg and the accucheck was 149.

6.    On the clinic visit of March 14, 2008, the urine dipstick of STEPHANIE BATZKALL was positive for glucose at 500 mg.

7.    On March 25, 2008, a gestational glucose level of STEPHANIE BATZKALL was 182 mg/dL.

8.    On the clinic visit of April 8, 2008, the urine dipstick of STEPHANIE BATZKALL was 2000 mg, fetal heart rate was 140, with positive fetal movement.

9.    On the clinic visit of July 3, 2008, of STEPHANIE BATZKALL, no urine dipstick was performed, fetal heart rate was 150, with positive fetal movement.

10.    On the clinic visit of July 7, 2008, of STEPHANIE BATZKALL no fetal heart tones were found and STEPHANIE BATZKALL was sent to South Suburban Hospital.

11.    From November 7, 2007 until July 7, 2008, and at all times relevant, STEPHANIE BATZKALL was rendered prenatal care and treatment by physician and nursing employees, agents, and apparent agents of ACCESS.

12.    On July 8, 2008, after cervical ripening and induction, STEPHANIE BATZKALL delivered a stillborn full term male infant weighing 9 pounds and 12.

13.   On and prior to April 8, 2008, and at all time mentioned herein, defendant, ACCESS, by and through its authorized physician and nursing employees, agents, and apparent agents, had the duty to possess and apply the knowledge and use the skill and care ordinarily possessed and applied by a reasonably well qualified professionals in the same or similar circumstances in providing prenatal care to STEPHANIE BATZKALL.

14.   After assuming the care of STEPHANIE BATZKALL and her fetus in utero, the defendant, ACCESS, by and through its authorized physician and nursing employees, agents, and apparent agents, were negligent in one of the following ways:

(a)   Failed to timely deliver STEPHANIE BATZKALL and her fetus in utero;

(b)   Failed to obtain a three hour glucose tolerance test on STEPHANIE BATZKALL after March 25, 2008;

(c)   In the context of a high index of suspicion of gestational diabetes, failed to perform fetal surveillance, including biophysical profiles on STEPHANIE BATZKALL-GARCIA and her fetus in utero;

(d)   Failed to admit STEPHANIE BATZKALL-GARCIA on July 3, 2008 for fetal surveillance and gestational diabetes workup.

(e)   Failed to promptly diagnose and treat gestational diabetes; and/or,

(f)   Was other wise careless and negligent.

15.   As a proximate result of the aforesaid negligent acts or omissions, Plaintiff's Decedent, ALEX GARCIA, sustained injuries which resulted in his death on July 7, 2008.

16.   STEPHANIE BATZKALL, is the duly appointed Special Administrator of the Estate of ALEX GARCIA, Deceased, and brings this action pursuant to Wrongful Death Act of the State of Illinois, Illinois Revised Statutes, 740 ILCS 180/1 et. seq.

17.   Plaintiff's Decedent, ALEX GARCIA, left surviving him, STEPHANIE BATZKALL, his mother, and FLAVIO GARCIA, his father, all who have sustained pecuniary

losses as a result of ALEX GARCIA, including but not limited to loss of companionship, guidance, society, affection and consortium.

18.  Attached to this Complaint at Law is the affidavit of one of Plaintiff's attorneys, as well as the written physician reports as required by 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, STEPHANIE BATZKALL, Special Administrator of the Estate of ALEX GARCIA, Deceased, demands judgement against Defendants, ACCESS COMMUNITY HEALTH NETWORK, d/b/a FAMILY HEALTH SOCIETY, an Illinois corporation, by and through its physician and nursing employees, agents, and apparent agents in an amount in excess of fifty thousand dollars ($50,000.00).

## COUNT II - SURVIVAL ACTION

1.-14  Plaintiff reiterates and reincorporates by reference paragraphs 1-14 of Count I. as paragraphs 1-14 of this Count II.

15.  As a proximate result of the aforesaid negligent acts or omissions, Plaintiff's decedent, ALEX GARCIA, sustained injuries of a personal and pecuniary nature, including conscious pain and suffering prior to his death on July 7, 2008 and had Plaintiff survived, he would have been entitled to bring an action for these injuries and this action survives him.

16.  Plaintiff, STEPHANIE BATZKALL, is the duly appointed Special Administrator of the Estate of ALEX GARCIA, Deceased, and brings this Survival action pursuant to Illinois Revised Statutes, 755 ILCS 5/27-6 et. seq.

17.  Attached to this Complaint at Law is the affidavit of one of Plaintiff's attorneys, as well as the written physician reports as required by 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, STEPHANIE BATZKALL, as Special Administrator of the Estate of ALEX GARCIA, Deceased, demands judgement against Defendant, ACCESS COMMUNITY HEALTH NETWORK, d/b/a FAMILY HEALTH SOCIETY, and Illinois corporation, by and through its physician and nursing employees, agents, and apparent agents in an amount in excess of fifty thousand dollars ($50,000.00).

_____
Attorney for Plaintiffs

Michael P. Cogan, Esq.
Patti L. Tuttle, Esq.
**COGAN & MCNABOLA, P.C.**
55 W. Wacker Drive - 9th Floor
Chicago, IL 60601
TEL: 312/629-2900

PT:gtm

8n-239          Atty No: 29365

## IN THE CIRCUIT COURT COOK COUNTY OF ILLINOIS, COUNTY DEPARTMENT, LAW DIVISION

STEPHANIE BATZKALL, Special
Administrator of the Estate of ALEX
GARCIA, Deceased,

    Plaintiff,

    v.

ACCESS COMMUNITY HEALTH
NETWORK, d/b/a FAMILY HEALTH
SOCIETY, an Illinois corporation, by
and through its authorized agents and
employees,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

NO:


*JURY DEMAND*

### AFFIDAVIT

1.  Your affiant has consulted with and reviewed the facts of the case with health professional who the affiant reasonably believes are knowledgeable in the relevant issues involved in this particular action, practice within the last six years in the same area of health care or medicine that is at issue in this particular action, namely obstetrics, gynecology and maternal fetal medicine, and is qualified by experience in the subject of this case.

2.  Your affiant concludes, based on consulting with the above-described consulting physicians, that there is a reasonable and meritorious cause for the filing of this action.

3.  The reviewing health professional has determined in written report attached hereto, after a review of the medical records described in said reports that there is a reasonable and meritorious causes for the filing of such action against the named defendant.

4.    The reviewing health professional is licensed in Illinois to practice medicine in all of its branches.

FURTHER YOUR AFFIANT SAITH NOT.

*Patti L. Tuttle*

SUBSCRIBED and SWORN
this ___ day of OCTOBER, 2009.

_____
NOTARY PUBLIC

OFFICIAL SEAL
GREGORY T. MARSHALL
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6-16-2010

*Northwest Associates for Women's Healthcare*
*1786 Moonlake Boulevard, Suite 207*
*Hoffman Estates, IL 60169*
*847-884-1800 * Fax 847-884-6768*

## Consulting Health Care Professional Report

I am a physician licensed by the state of Illinois to practice medicine in all of its branches. I am board certified in obstetrics and gynecology as well as maternal fetal medicine. I have been practicing continuously in the field of obstetrics for over twenty years. Therefore, I am familiar with the standard of care in the diagnosis and treatment of gestational diabetes in patients such as Stephanie Batzkall-Garcia.

I have reviewed the pertinent records of Stephanie Batzkall-Garcia from Access Community Health Network and South Suburban Hospital. Stephanie was an 18 year old primigravida with an EDC of 7/5/08 who was seen for prenatal care at the Access clinic. After February of 2008 her urine dipstick showed the presence of glucose and a fingerstick glucose was elevated. On March 25, 2008 a fasting glucose was elevated. A three hour glucose tolerance test was never obtained. At the July 3, 2008 visit, exam showed the fetus was in vertex position, heart tones were within normal limits and there was positive fetal movement. No urine dipstick was recorded. On July 7, 2008 fetal heart tones were absent was Stephanie was sent to labor and delivery for induction. On July 8, 2009 Stephanie delivered a stillborn infant weighing 9 pound and 12 ounces.

After my review, it is my professional opinion that physicians and nurse midwives at Access Clinic deviated from the standard of care in the following ways: failed to obtain a three hour glucose tolerance test, failed to followup with the patient to ensure a three glucose tolerance test was obtained even as late as July 3, 2008, and failed to diagnose and treat gestational diabetes. It is further my opinion that more probably true than not had the 3 hour GTT been obtained the diagnosis of gestational diabetes would have been reached and the proper surveillance regarding fetal well-being would have been undertaken. It is my opinion that these deviations caused or contributed to this child's stillbirth. Had the standard of care been met, this child's death would have been prevented.

For the foregoing reasons, I have concluded that there is a meritorious bases for filing a lawsuit against Access Community Health Network by and through their physicians and nurse midwives.

Jeffrey Wener, M.D.

*Jeffrey Wener, MD., FA.C.O.S.*

*Gail Gerber, MD., FA.C.O.G*

PT:gtm

8n-239          Atty No: 29365

## IN THE CIRCUIT COURT COOK COUNTY OF ILLINOIS,
## COUNTY DEPARTMENT, LAW DIVISION

STEPHANIE BATZKALL, Special )
Administrator of the Estate of ALEX )
GARCIA, Deceased, )
)
    Plaintiff, )    NO:
)
    v. )
)    *JURY DEMAND*
ACCESS COMMUNITY HEALTH )
NETWORK, d/b/a FAMILY HEALTH )
SOCIETY, an Illinois corporation, by )
and through its authorized agents and )
employees, )
)
    Defendant. )

### AFFIDAVIT

I, Patti L. Tuttle, the affiant on oath, states:

The total of money damages sought in this matter does exceed $50,000.

*Patti L. Tuttle*

SUBSCRIBED AND SWORN TO
before me this ___ day of OCT ___ 2009.

_____
NOTARY PUBLIC

OFFICIAL SEAL
GREGORY T. MARSHALL
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-10-2010

PT:gtm

09-93          Atty No: 29365

## IN THE CIRCUIT COURT COOK COUNTY OF ILLINOIS, COUNTY DEPARTMENT, LAW DIVISION

STEPHANIE BATZKALL, Special )
Administrator of the Estate of ALEX )
GARCIA, Deceased, )
)
    Plaintiff, )          NO: 09 L 12092
)
    v. )          *CALENDAR B*
)
ACCESS COMMUNITY HEALTH )
NETWORK, )
)
    Defendant. )

### NOTICE OF FILING

TO:  NO NOTICE REQUIRED - DEFENDANTS YET TO APPEAR

YOU ARE HEREBY NOTIFIED that on October 22, 2009, there was filed with the Circuit Court of Cook County, Illinois, Affidavit of Service on Access Community Health Network, copies of which are attached hereto.

**COGAN & MCNABOLA, P.C.**
55 West Wacker Drive - Suite 950
Chicago, IL 60601
312/629-2900

STATE OF ILLINOIS )
                    ) SS
COUNTY OF COOK )

### CERTIFICATION

Under penalties as provided by law, pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies it to be true that he/she served the above and foregoing Notice of Filing by depositing in the U.S. Mail Chute located at 55 W. Wacker Drive, Chicago, Illinois, a true and correct copy thereof in a sealed envelope, first class mail, postage prepaid, addressed to the said person(s) to whom said Notice of Filing is directed on, 2009.

_N/A_



PLAINTIFF'S
EXHIBIT
2

## Circuit Court Of Cook County, Illinois
## County Department, Law Division

Stephanie Batzkall, Special Administrator of the Estate of
Alex Garcia, Deceased,

                    Case No.: 2009 L 012092

            Plaintiff(s),

vs.                                        AFFIDAVIT OF SERVICE

Access Community Health Network,

            Defendant(s).

I, Corey Fertel, being first duly sworn on oath, depose and say the following:

I am over the age of 18 years and not a party to this action.

On October 19, 2009 at 8:53 AM, I served the within Summons and Complaint at Law on Access
Community Health Network in the following manner:

**Corporate Service:** By leaving a copy of the Summons and Complaint at Law with P. Matthew Glavin, ,
an officer or agent of Access Community Health Network.

Service was effected at c/o P. Matthew Glavin 180 N. LaSalle – Suite 2002, Chicago, IL 60601.

Description of person process was left with:

Sex: Male – Skin: Caucasian – Hair: Gray – Approx. Age: 45 – Height: 6'1" – Weight: 165

Under penalties as provided by law pursuant to Section 1–109 of the Code of Civil Prodecure, the
undersigned certifies that the statements set forth in this Affidavit of Service are true and correct.

Further the affiant sayeth naught.

                        X 
                        Corey Fertel
                        License(s): 117–001101

United Processing, Inc.                Fees:
162 W. Grand Ave.                      Service of Process–Routine $76.50
Chicago, IL 60654
312.629.0140                           TOTAL:                    $76.50
Court Date: 11/12/2009
File #

74365

| | |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served by Mail | 2321 - Served by Mail |
| 2420 - Served by Publication | 2421 - Served by Publication |
| SUMMONS | ALIAS - SUMMONS |

(Rev. 3/21/95)
CCG-1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

Stephanie Batzkall, Special Administrator )
of the Estate of Alex Garcia, Deceased, )
                        )
          Plaintiff,   )    No.
                        )
   v.                )    **PLEASE SERVE:**
                        )
Access Community Health Network,  )    Access Community Health Network
                        )    c/o P. Matthew Glavin
                        )    180 N. LaSalle - Suite 2002
         Defendants.  )    Chicago, IL 60601

### SUMMONS

    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room 801, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGEMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

    This summons must be returned by the officer or other person to whom it is given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

There will be a fee of $198.00 to file your Appearance, or you may present an Application to Sue or Defend as a Poor Person (form #CCG-19). If approved by the Presiding Judge, the fee will be waived.

WITNESS,...................................................,20......
           OCT 13 2009

.................DOROTHY BROWN.................
          Clerk of the Court

Date of Service:................................, 20......
    (To be inserted by officer on copy left with
        Defendant or other person)

COGAN & McNABOLA, P.C.
55 West Wacker Drive, 9th Floor
Chicago, IL 60601
312-629-2900
ATTY No. 29365
**Service by Facsimile Transmission: <u>312-629-2916</u>
    DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## CERTIFICATION

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Stephanie Batzkall, Special Administrator of the Estate of Alex Garcia, deceased, v. Access Community Health Network,* No. 2009 L 12092 (Circuit Court of Cook County, Illinois), and all attachments thereto. On the basis of the information now available, I find that at the relevant times, the Access Community Health Network was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that the Access Community Health Network was acting within the scope of its employment with respect to its involvement in the care of plaintiff's deceased. Accordingly, for purposes of the above case, the Access Community Health Network is deemed to be an employee of the United States pursuant to 42 U.S.C. § 233, for Federal Tort Claims Act purposes only.

_____
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
    for the Northern District of Illinois

Date: March 3, 2010



GOVERNMENT
EXHIBIT

B